**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff and Appellant,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY and Donald R. Wince, Defendants and Respondents.**

No. 12329.

Supreme Court of South Dakota.

Argued June 9, 1978.

Decided July 20, 1978.

---

* Counsel on appeal did not represent defendant in the trial court.

Charles H. Whiting of Whiting & Hagg, Rapid City, for plaintiff and appellant.

Thomas H. Barnes of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendants and respondents.

BRAITHWAITE, Circuit Judge.

Elmer's Downtown Service Station in Spearfish, South Dakota, was destroyed by fire on September 15, 1976. At that time the owner, Donald R. Wince, had in full force and effect two insurance policies. One, issued by defendant St. Paul, was in the amount of $8,000 and insured the personal property in the service station against loss by fire. The other, issued by plaintiff State Farm, was what is commonly called a Comprehensive General Liability policy and it also insured the personal property in the service station against loss by fire, with a

limit of $6,000. The parties agree that the fire caused $8,695.79 damage to personal property located in the filling station.

QUERY: How much of that loss is to be borne by each of the insurance companies?

## PERTINENT POLICY CLAUSES

The St. Paul policy contained a standard pro rata clause. In substance it provides that if there is other valid and collectable insurance on the same property, St. Paul is liable for only its pro rata share.

The portion of State Farm's policy providing fire coverage contains no such clause but does contain the following pertinent provisions:

Other insurance covering the property insured is not permitted, except against losses not insured against under this policy or unless this policy is otherwise endorsed.

Unless otherwise endorsed, this policy shall be excess over any other insurance whether prior or subsequent hereto, and by whomsoever effected, directly or indirectly covering loss or damaged insured hereunder, and this Company shall be liable only for the excess of such loss or damage beyond the amount due from such other insurance, whether collectable or not, however, not exceeding the limits as set forth in the Declarations.

If other insurance is permitted and loss under this policy is subject to a deductible, this Company shall not be liable for more than its pro rata share of such loss in excess of the deductible amount.

## LINES OF AUTHORITY

This court is for the first time faced with the question presented by two insurance policies covering the same property for the same loss, one containing a pro rata clause and the other an excess clause.

The question has been before many other courts and two distinct lines of authority have developed. One says the loss is to be pro rated between the two companies. The leading case expounding this point of view is *Lamb-Weston, Inc. v. Oregon Automobile*

*Insurance Co.,* 219 Or. 110, 341 P.2d 110 (1959). These courts reason that excess and pro rata clauses are both attempts to limit liability; that when a liability limiting clause in one policy conflicts with the liability limiting clause in another—regardless of the exact nature of the clause—they are repugnant and each should be rejected in toto.

The most exhaustive treatment of the majority view is found in *Citizens Mutual Automobile Insurance Co. v. Liberty Mutual Insurance Co.,* 6 Cir., 273 F.2d 189 (1959). These courts basically reason that the pro rata clause by its own terms applies only where there is other valid and collectable insurance; that the policy containing the excess clause affords no coverage until the limits of the policy containing the pro rata clause have been exhausted; and therefore the policy containing the excess clause is not valid and collectable within the meaning of the first company's pro rata clause. Thus the majority view honors the excess clause.

## CLAUSES ARE NOT REPUGNANT

A reading of the pertinent policy provisions reveals that each company has clearly manifested its intention where there is other insurance covering the same property and same loss. St. Paul provides that in such a situation it has pro rata liability; State Farm provides on the other hand that sometimes its liability is pro rata and sometimes only excess. Its liability is pro rata where it has by endorsement on the policy permitted other insurance covering the same property and loss (there is no such endorsement on the policy here); in all other situations its liability is excess only.

Normally parties to a contract are allowed to write the terms of the contract themselves. We do not find that the excess clause in the State Farm policy is illegal or repugnant to public policy. The trial court opted for the minority view and stated: "The court finds no compelling reason to honor the excess clause in State Farm's policy and invalidate St. Paul's pro rata clause." We do not find that honoring the

excess clause in State Farm's policy requires invalidating St. Paul's pro rata clause. The clause is still enforceable but because of the excess clause in State Farm's policy there is no other valid and collectable insurance which makes the St. Paul pro rata clause operative.

We have been cited to *Royal Indemnity Co. v. Metropolitan Casualty Insurance Co.,* 80 S.D. 541, 128 N.W.2d 111 (1964). We find it inapposite because it deals with a situation where both companies had excess clauses. Obviously they are repugnant and must be disregarded.

## CONCLUSION

The judgment of the trial court is reversed and the case remanded with instructions to enter a judgment requiring St. Paul to pay $8,000 of the loss and State Farm the remaining $695.79.

All the Justices concur.

BRAITHWAITE, Circuit Judge, sitting for PORTER, J., disqualified.