UNION INSURANCE COMPANY,
Plaintiff and Appellant,

v.

FARMLAND INSURANCE COMPANY,
Defendant and Appellee.

No. 14938.

Supreme Court of South Dakota.

Considered on Briefs Nov. 21, 1985.

Decided July 16, 1986.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Edward J. Leahy of May, Johnson, Doyle & Becker, P.C., Sioux Falls, for defendant and appellee.

MORGAN, Justice.

Appellant, Union Insurance Company (Union), appeals from a declaratory judgment in favor of appellee, Farmland Insurance Company (Farmland). In its complaint, Union asked the trial court to render judgment pursuant to SDCL ch. 21-24, declaring Farmland had the primary duty to investigate, defend, and pay claims arising out of a motor vehicle accident occurring in 1983. The trial court instead held that Union was the primary insurer and Union appeals. We affirm.

In July of 1983, Lawrence Peterson (Peterson) drove his automobile to Community Oil Company (Community Oil) of Arlington, South Dakota, for servicing. As per usual custom, Peterson, at his own request, was then driven in his own vehicle toward his office by an employee of Community Oil. The Community Oil employee would normally then return with Peterson's vehicle to Community Oil. On this occasion, however, during the course of the trip from Community Oil to Peterson's office, a collision occurred. It is anticipated that the third party injured in the automobile accident will bring suit.

The essence of this action is a dispute between Union and Farmland regarding

which insurance company has the primary obligation to defend and pay claims made by that third party against the employee and/or Community Oil. At trial, Union contended that SDCL 58–23–4 controls the dispute and requires primary coverage by Farmland. Farmland asserts that SDCL 58–23–4 is not applicable to the situation and claims that Union has primary coverage. SDCL 58–23–4 states:

When an automobile insurance policy is in force *for anyone engaged in the business of selling, repairing, servicing, storing, or parking motor vehicles* and *the person or organization allows the use of a vehicle* with or without consideration to any other person or organization and the vehicle is involved in an accident out of which bodily injury or property damage to third persons or damage to the insured vehicle arises, the following automobile insurance policies shall be applicable:

(1) In the event no other automobile insurance policy is in force at the time of the accident for the person or organization using the vehicle, the coverage provided by the motor vehicle owner's automobile policy shall extend to the borrower in the event the owner's automobile insurance policy extends coverage to said borrower.

(2) In the event that another automobile insurance policy is in force for the person or organization using the vehicle, any coverage provided by the motor vehicle owner's automobile insurance policy shall be excess coverage only but limited by the terms of the owner's applicable automobile insurance policy. The coverages in the policy afforded the person or organization using the vehicle shall be primary.

(Emphasis added.)

In its findings of fact and conclusions of law in the declaratory judgment action, the trial court held that SDCL 58–23–4(2) is inapplicable to the facts of the case and does not control the resolution of the dispute. The court concluded that the statute has no application here since it was the customer's vehicle that was involved in the collision and not a vehicle provided by someone engaged in repairing or servicing motor vehicles. As a result, the court reasoned that the resolution of the dispute is thus controlled by the other insurance clauses contained in the respective insurance policies and the general common law. The trial court noted that both policies recognize that the Union policy (the owner's policy) is primary and the Farmland policy (the garage owner's policy) is excess. This, according to the trial court, was consistent with the general common law rule that the primary insurance coverage follows the automobile rather than the driver. Ultimately, the court below concluded that Union has primary duties to defend any claims made against either the employee or Community Oil by the third party involved in the collision.

■■■ On appeal, Union claims SDCL 58–23–4 should be construed to apply in situations in which garage or service station employees operate customer-owned vehicles. In construing a statute, this court looks at the intention of the lawmakers as expressed in the plain meaning and effect of the words and phrases used in the statute. *Petition of Famous Brands, Inc.,* 347 N.W.2d 882 (S.D.1984). The trial court determined that the plain language of SDCL 58–23–4 has no application to this type of a case. This court adheres to that holding. As noted in the first portion of the statute, it applies when "the person or organization allows the use of a vehicle." This "person or organization" language refers to someone who is engaged in the business of selling, repairing, servicing, storing, or parking motor vehicles. In addition, the title of the statute is: "Primary and excess coverage on vehicle loaned by automobile service agency." Here, we have a situation in which Peterson's vehicle was not loaned by the agency but was being used to transport the vehicle's owner. As such, SDCL 58–23–4 does not apply.

Union claims this standard method of statutory construction should be altered since public policy dictates that SDCL 58–

23–4 should be read to provide primary coverage from Farmland. The trial court determined that the conflict between these insurance companies was covered by the provisions of the respective policies and the general common law. The Union policy contains the following other insurance clause: "If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance." The Farmland policy provides:

(1) For any covered auto you own this policy provides primary insurance. For any covered auto you do not own, the insurance provided by this policy is excess over any other collectible insurance.... (2) When two or more policies cover on the same basis either excess or primary, we will pay only our share. Our share is the proportion that the limits of our policy bears to the total of the limits of all policies covering on the same basis.

■ This court has held that "[n]ormally parties to a contract are allowed to write the terms of the contract themselves." *State Farm Fire & Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 268 N.W.2d 147, 149 (S.D.1978). In that case, the court concluded that other insurance clauses were not mutually repugnant and that each company had clearly manifested its intention concerning the other insurance. *State Farm, supra.* In *State Farm*, this court cited with approval *Citizens Mutual Auto. Ins. Co. v. Liberty Mut. Ins. Co.*, 273 F.2d 189 (6th Cir. 1959). In *Citizens Mutual, supra*, the Sixth Circuit construed policies similar to those presented in the case at hand. In interpreting these provisions, the court stated:

By the second provision of both clauses the only insurance coverage extended to non-owned vehicles which are otherwise insured is stated to be excess. Regarding this limitation on non-owned vehicles into the first provision of the clauses, it follows that there is no pro-rata coverage on non-owned vehicles otherwise insured.

273 F.2d at 191–92. Since under Community Oil's Farmland policy Peterson's automobile was a non-owned vehicle, Farmland's coverage is excess.

■ We note that placing primary coverage on the owner's insurer is nothing new. In fact, the general rule is that primary liability is placed with the insurer of the owner of the vehicle involved in an accident rather than on the insurer of the operator. *See* 7A Am.Jur.2d *Automobile Insurance* § 434 (1980); 16 Couch on Insurance § 62:60 (Rev. ed. 1983). *See also United States Fidelity & G. Co. v. Safeco Ins. Co. of Am.*, 522 S.W.2d 809 (Mo.1975). In view of this, Union cannot claim an overriding public policy to the contrary.

We affirm the decision of the trial court.

FOSHEIM, C.J., HENDERSON and WUEST, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.