Gary G. KABERNA, Janice Kaberna, Cameron Zopp, Donna Zopp, William Urban, Patti Urban, Joseph Ford, Margie Ford, Gregory Brownlow, Carleen Brownlow and Concerned Residents of Nemo Common School District 55, Appellees,

v.

The SCHOOL BOARD OF LEAD–DEADWOOD SCHOOL DISTRICT 40–1, Appellant.

Nos. 16362, 16346.

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1989.

Decided April 5, 1989.

Rehearing Denied May 8, 1989.

Wayne F. Gilbert and John J. Delaney, Rapid City, for appellees.

Thomas E. Carr, Belle Fourche, for appellant.

PER CURIAM.

## ACTION

In this appeal we affirm a trial court's reversal of a school board's decision to close a school without first holding an election on the issue. We apply the Doctrine of the Last Antecedent in construing the revelant statute.

## FACTS

The Nemo Elementary Attendance Center is a school which was operated by a former common school district for several years, including the 1968–69 school year.* On April 20, 1988, the board made a decision to close the Nemo Center for the 1988–89 school year. Subsequent to the board's decision, Gary Kaberna and other concerned residents of the school district presented the board with a petition requesting a special election on the issue of closure of the Nemo Center. The board, relying on the provisions of SDCL 13–6–9, denied the request for a special election.

Following the board's refusal to hold an election, Kaberna filed an appeal with the trial court. The trial court entered findings of fact, conclusions of law and a judgment reversing the board's decision, basing its reversal on a finding that the board exceeded its authority in closing the center without holding an election.

## DECISION

This appeal involves an interpretation of SDCL 13–6–9 which reads:

> The school board of a school district shall continue to operate an attendance center or elementary school operated by a former common school district during the 1968–69 school year until such time as only the resident voters of the former common district area which operated the elementary school shall vote to cease op-

---

* This year is relevant because of the language of SDCL 13–6–9, *infra.*

erating the school or schools. The election shall be called by the school board of the school district by resolution or upon a petition by twenty percent of the voters residing in the area and shall be conducted in accordance with the laws governing elections in school districts. The provisions of this section shall not apply to any elementary school which by its continued operation would make the district ineligible for state aid under the provisions of §§ 13–13–10 to 13–13–41, inclusive. The board may close *such a school* when the average daily membership does not exceed five and bus service is provided within two and one-half miles of pupils' residence. When a rural school has been closed for two consecutive years by board action but no election has been held, the school shall be considered to have been closed by the voters, but may be reopened at the option of the board. (emphasis added).

The board asserts that because the average daily membership of the Nemo Center did not exceed five during the 1987–88 school year and because bus service would be provided within two and one-half miles of the pupils' residence, it had authority under the above statute to close the center without an election. In response, Kaberna argues that although these facts are true the board was still required by SDCL 13–6–9 to hold an election because the continued operation of the Nemo Center would not have made the district ineligible for state aid.

This court's inquiry, therefore, must focus on the meaning of the phrase "such a school" emphasized in SDCL 13–6–9 as quoted above. If, as urged by Kaberna, the phrase refers to those schools which by their continued operation would render the district ineligible for state aid, then there was no error by the trial court in holding that the board exceeded its authority in closing the center without conducting an election. However, if, as the board urges, the phrase refers to schools operated by former common school districts during the 1968–69 school year, then the trial court may have erred in holding that the board

exceeded its authority in closing the Nemo Center without conducting an election.

We find these divergent interpretations of SDCL 13–6–9 to be clearly resolved by the rule of statutory construction known as the Doctrine of the Last Antecedent. The doctrine was long ago adopted by this court in *Lewis v. Annie Creek Mining Co.*, 74 S.D. 26, 48 N.W.2d 815 (1951). In *Lewis* this court stated, "[i]t is the general rule of statutory as well as grammatical construction that a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation." *Lewis*, 74 S.D. at 33, 48 N.W.2d at 819.

In SDCL 13–6–9 the last antecedent defining the word "school" prior to the phrase "such a school" is the sentence addressing those elementary schools which by their continued operation would render the district ineligible for state aid. Therefore, applying the Doctrine of the Last Antecedent, the phrase "such a school" in SDCL 13–6–9 must be interpreted as referring to these schools. Thus, the board could close the Nemo Center without an election only if its continued operation would have made the district ineligible for state aid, its average daily membership did not exceed five and bus service was provided within two and one-half miles of the pupils' residence. Inasmuch as the board acknowledges that the continued operation of the Nemo Center would not have made the district ineligible for state aid, the only means by which the board could close the center was through a vote by the resident voters of the former common district area which operated the center. SDCL 13–6–9. Further, we find nothing in the subject matter or dominant purpose of SDCL 13–6–9 which would require a different interpretation of the statute because its dominant purpose is clearly to require elections prior to closure of schools such as the Nemo Center.

Because we affirm the trial court's reversal of the board's decision to close the Nemo Center, we find it unnecessary to address Kaberna's contentions concerning

the timeliness of the board's resolution to close the school. That action is now rendered moot by this decision.

Affirmed.

HENDERSON, J., disqualified.