Unified Judicial System

 

 
 
Formatting provided courtesy of State Bar of South Dakota and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 
IN THE MATTER OF THE APPEAL OF THE DENIAL
OF THE REAL ESTATE TAX EXEMPTION
FOR BLACK HILLS LEGAL SERVICES, INC.
[1997 SD 64, __ NW2d __]
South Dakota Supreme Court
Appeal from the Seventh Judicial Circuit, Pennington County, SD
Hon. Thomas L. Trimble, Judge
#19863 â Reversed
Ronald D. Buskerud, Deputy Stateâs Attorney, Pennington County, Rapid City, SD
Attorney for Appellant Pennington County Board of Equalization.
Carol A. Pahlke, Black Hills Legal Services, Inc., Rapid City, SD
Attorney for Appellee Black Hills Legal Services.
Considered on Briefs May 1, 1997; Opinion Filed Jun 4, 1997
AMUNDSON, Justice.
 [Â¶1] Pennington County (County) appeals the circuit courtâs determination that Black Hills Legal Services (BHLS) is exempt from property taxation. We reverse.
FACTS AND PROCEDURAL HISTORY
 [Â¶2] BHLS is a nonprofit corporation with tax-exempt status under Â§ 501(c)(3) of the Internal Revenue Code. Its purpose is to serve the legal needs of persons with low incomes residing in Pennington, Butte, Lawrence, Meade, Fall River, and Custer Counties in the State of South Dakota.
 [Â¶3] Since April 1, 1991, BHLS has occupied and leased property located in Rapid City, Pennington County, South Dakota. The premises is owned by Shirley J. Crawford, Donald L. Sachs, and Mary A. Sachs, doing business as C&S Rentals. The first lease agreement between C&S Rentals and BHLS provided for a term of three years, through March 31, 1994, with an option to renew the lease for an additional year through March 31, 1995. The second lease agreement provided for a term of three years, from April 1, 1995, through March 31, 1998, with an option to renew for an additional year through March 31, 1999. 
 [Â¶4] The two lease agreements contained identical language providing that the "leased premises are to be used for charitable purposes, namely, for the provision of civil legal services to poor, elderly and indigent persons ... ." The lease agreements also provided a transfer to BHLS of an ownership interest as identified in SDCL 10-4-9.1 and SDCL 10-4-23. Further, the agreements stated that BHLS would be responsible for paying real estate taxes on the leased premises and that, if tax-exempt status were granted per SDCL 10-4-9.1, BHLS would reap the benefit.
 [Â¶5] For the tax years of 1992, 1993, and 1994, the County Board of Equalization of Pennington County (Board) determined the leased premises were exempt from property taxation due to BHLSâs leasehold interest. In 1995, BHLS again submitted an application for tax-exempt status. Board determined the premises to be nonexempt from property taxation on the grounds that BHLS did not own the property. 
 [Â¶6] BHLS appealed Boardâs decision and the circuit court reversed. County appeals the circuit courtâs determination and we reverse.
STANDARD OF REVIEW
 [Â¶7] As stated in In re Tax Refund of Media One: 

Our role in reviewing administrative appeals is well-settled:


We will overrule an agency's findings of fact only when they are clearly erroneous. The question is not whether there is substantial evidence contrary to the agency finding, but whether there is substantial evidence to support the agency finding. In other words, even if there is evidence in the record which tends to contradict the Department's factual determination, so long as there is some "substantial evidence" in the record which supports the Department's determination, this court will affirm. Great weight is given to the findings made and inferences drawn by an agency on questions of fact. Conclusions of law are given no deference and are fully reviewable.
Hendrix v. Graham Tire Co., 520 NW2d 876, 878-79 (SD 1994) (citations and internal quotations omitted). We review the administrative agency's decision without any presumption that the circuit court's decision was correct. Nilson v. Clay County, 534 NW2d 598, 600 (SD 1995).

The question of whether a statute imposes a tax under a given factual situation is a question of law. Statutes which impose taxes are to be construed liberally in favor of the taxpayer and strictly against the taxing body. Statutes exempting property from taxation should be strictly construed in favor of the taxing power. The words in such statutes should be given a reasonable, natural, and practical meaning to effectuate the purpose of the exemption.
National Food Corp. v. Aurora Cty. Bd. of Commârs, 537 NW2d 564, 566 (SD 1995) (citing Thermoset Plastics, Inc. v. Department of Revenue, 473 NW2d 136, 138 (SD 1991))[]
1997 SD 17, Â¶ 9, 559 NW2d 875, 877. Thus, we review the conclusion that the property which BHLS leases is tax exempt under SDCL 10-4-23, applying a de novo standard of review, whereby no deference is given to the circuit courtâs decision.
DECISION
 [Â¶8] Both parties agree the single dispositive issue in this case is whether BHLS is entitled to a property tax exemption under SDCL 10-4-23, which states:

Property held under a lease for a term of three or more years, or a contract for the purchase thereof, belonging to the state or to any religious, scientific, or benevolent society or institution, whether incorporated or unincorporated, or to any railroad company or corporation whose property is not taxed in the same manner as other property, shall be considered for all purposes of taxation as the property of the person so holding the same.
BHLS claims the language of this statute entitles it to tax-exempt status, because it is a benevolent organization and leases property for a three-year term. In reviewing this statute, the circuit court applied the doctrine of the last antecedent, which states, "a modifying clause is confined to the last antecedent unless there is something in the subject matter or dominant purpose which requires a different interpretation." Lewis v. Annie Creek Mining Co., 74 SD 26, 33, 48 NW2d 815, 819 (1951). The circuit court found "that under the Doctrine of the Last Antecedent, the term âbelongingâ must be interpreted as being modified by the last antecedent clause, that being âa lease for a term of three or more years, or a contract for the purchase thereof.â" Thus, "SDCL 10-4-23 grants a property tax exemption to exempt entities which do not own the property in question, but to which a lease of the property for a term of three or more years, or a contract for the purchase of the property, belongs."
 [Â¶9] On appeal, County contends the language of SDCL 10-4-23 does not provide for an exemption in this case. Rather, they assert a clear reading of the statute demonstrates the intent is to remove property from a tax-exempt status once certain requirements are met. In other words, they claim the purpose of the statute is to ensure that if a tax-exempt entity owns and leases property for three or more years, the property loses its tax-exempt status and is taxed as nonexempt property.
 [Â¶10] The purpose of SDCL 10-4-23 clearly indicates an intent to remove property from tax exemption and place the property on the tax rolls. Therefore, based on this dominant purpose, the doctrine of the last antecedent need not be applied. As we have stated, the doctrine is inapplicable when "âthere is something in the subject matter or dominant purpose which requires a different interpretation.â" National Farmers Union Property & Cas. Co. v. Universal Underwriters Ins. Co., 534 NW2d 63, 65 (SD 1995) (quoting Rogers v. Allied Mut. Ins. Co., 520 NW2d 614, 617 (SD 1994) (citing Kaberna v. School Bd. of Lead-Deadwood Sch. Dist. 40-1, 438 NW2d 542, 543 (SD 1989); Lewis, 74 SD at 33, 48 NW2d at 819)).
 [Â¶11] The North Dakota Supreme Court addressed this very issue in a case involving railroad property leased to private industrial companies. Northern Pac. Ry. Co. v. Morton County, 156 NW 226 (ND 1915). The court applied what is now NDCentCode Â§ 57-02-26 (1993), a statute containing identical language as that of SDCL 10-4-23, in order to determine whether the property was taxable upon a basis as a railroad user (and thus exempt), or as an industrial company (and thus nonexempt). Northern Pac. Ry. Co., 156 NW at 232. The court ultimately determined the property was taxable "âas the property of the person so holding the same,â the lessee [industrial companies]." Id. (quoting statute). This case demonstrates the purpose of the statute argued by County: if a tax-exempt entity (the railway) owns the property and leases it to a nonexempt entity (the industrial company), such lease would cause the tax status of the property to change to that of the person who is leasing the property (the industrial company).
 [Â¶12] Furthermore, the statute in question is followed by SDCL 10-4-23.1, which provides: 

Notwithstanding the provisions of Â§ 10-4-23, all contracts and agreements entered into on or before July 1, 1975, that have resulted in the acquisition of property under chapter 9-54 [economic development projects], that provide for total or partial payment in lieu of taxes are validated, ratified and confirmed and said acquired property is hereby classified for purposes of taxation.
To affirm the circuit court would be to render SDCL 10-4-23.1 meaningless, as the property would have been previously exempted from taxation pursuant to SDCL 10-4-23 and, therefore, would not need to be classified for purposes of taxation. As we have stated, "[t]here is a presumption against a construction which would render a statute ineffective or meaningless." Rapid City Educ. Assân v. Rapid City Sch. Dist., 522 NW2d 494, 498 (SD 1994) (citing Nelson v. School Bd. of Hill City Sch. Dist., 459 NW2d 451, 455 (SD 1990)).
 [Â¶13] In addition, the title of the statute provides reinforcement for our interpretation. See, e.g., Union Ins. Co. v. Farmland Ins. Co., 389 NW2d 820, 821 (SD 1986) (stating the title to the statute supports its inapplicability). The title to SDCL 10-4-23 is: "Tax-exempt and railroad property taxed to long-term lessee or contract purchaser." Clearly, the title indicates the legislative intent to tax otherwise exempt property when it is leased to nonexempt entities for the required term.
 [Â¶14] As instructed by Media One, we give the words in SDCL 10-4-23 "âa reasonable, natural, and practical meaningâ" to effectuate its purpose, which is to ensure that when a tax-exempt entity owns and leases property, the property will be taxable to the nonexempt entity leasing the property. 1997 SD 17, at Â¶ 9, 559 NW2d at 877 (quoting National Food Corp., 537 NW2d at 566 (citing Thermoset Plastics, Inc., 473 NW2d at 138-39)). An unreasonable interpretation of the statute would be to say that once privately owned property is leased for a three-year term to a benevolent organization, the property is tax exempt, as BHLS contends. To grant this exemption would in essence allow a creatively drafted lease to carry the day over clear statutory provisions.
 [Â¶15] We reverse.
 [Â¶16] MILLER, Chief Justice, SABERS, KONENKAMP, and GILBERTSON, Justices, concur.