Unified Judicial System

 

 
  
ALPHA GAMMA ZETA HOUSE ASSOC.;
Alpha Phi Corp.; Psi Chapter; Alpha Xi Delta Assoc.;
Delta Gamma Chapter Assoc. Corp.; Gamma Alpha Alumni Corp.;
Kappa Alpha Theta Corp.; Pi Beta Phi Assoc.; Tridentia Chapter House Corp.;
Sigma Nu House Corp.; and South Dakota Sigma Chapter House Assoc.,
Appellants,
v.
CLAY COUNTY BOARD OF EQUALIZATION,
Appellee.
[1998 SD 101]
South Dakota Supreme Court
Appeal from the First Judicial Circuit, Clay County, SD
Hon. Arthur L. Rusch, Judge
#20065--Affirmed
Jerome B. Lammers, Ryker Lammers
Lammers, Lammers & Kleibacker, Madison, SD
Attorneys for Appellants.
Tami A. Maroney Bern, Clay County State's Attorney, Vermillion, SD
Attorney for Appellee.
Argued Mar 23, 1998; Opinion Filed Aug 26, 1998
LIEBERMAN, Circuit Judge.
[Â¶1] Alpha Gamma Zeta House Association, et al., (collectively referred to as House Corporations) contest their real estate tax status as determined by the Clay County Board of Equalization. In 1996, the House Corporations filed applications for tax exempt status from Clay County real property taxes. At a subsequent hearing, the Board of Equalization held that their properties were taxable. The House Corporations appealed to the circuit court which upheld the decision of the Board of Equalization. We affirm.
FACTS 
[Â¶2] The House Corporations are the record owners of the real estate described in the applications for property tax exempt status. The real estate is used as primary residences of the affiliate members of Greek fraternities and sororities (Greek Chapters). Each House Corporation is a South Dakota nonprofit corporation and is recognized as an exempt organization under the United States Internal Revenue Code, Â§501(c)(7), as amended in 1992.
[Â¶3] Each residence is located off of the USD campus on property in which USD does not have any ownership interest. The Greek Chapters are authorized and recognized by USD as functioning student organizations. The students residing in the Greek houses must abide by the "Student Code of Conduct" which is mandated by the South Dakota Board of Regents. Only if the Greek organizations agree to adopt and enforce USD policies will USD recognition and privileges be available.
[Â¶4] Students who have completed their freshman year of college are allowed to live off-campus at these chapter houses if certain USD-provided criteria are met. The established housing policy for students not involved in Greek life provides that all unmarried undergraduate students are required to live on-campus for the first two years unless special permission to live elsewhere is granted by the University.
[Â¶5] The Greek Chapters engage in certain charitable activities which serve the poor, distressed or underprivileged, including: food drives, AIDS awareness clinics, highway cleanup, and other charity promotions and telethons. Some of these activities are planned and carried out by the Greek Chapters at the houses, which are owned by the House Corporations.
[Â¶6] The issue on appeal is whether the House Corporations, the owners of the real property rented to affiliated Greek fraternities or sororities, are benevolent organizations under SDCL 10-4-9.2. We conclude that they are not.
STANDARD OF REVIEW 
[Â¶7] This is a review of an administrative appeal from an agency decision. As such, we examine agency findings in the same manner as the circuit court to decide whether they are clearly erroneous in light of all the evidence. Sopko v. C & R Transfer Co., 1998 SD 8, Â¶6, 575 NW2d 225, 228. "If after careful review of the entire record we are definitely and firmly convinced a mistake has been committed, only then will we reverse." Id.
ANALYSIS AND DECISION 
[Â¶8] Statutes exempting property from taxation should be strictly construed in favor of the taxing power. Appeal of BHLS, 1997 SD 64, Â¶7, 563 NW2d 429, 431 (citations omitted). The words in such statutes should be given a reasonable, natural, and practical meaning to effectuate the purpose of the exemption. Id. (citing National Food Corp. v. Aurora Cty. Brd. of Comm'rs, 537 NW2d 564, 566 (SD 1995)). "[T]he taxpayer has the burden of proving entitlement to an exemption." Matter of Sales and Use Tax, 1997 SD 17, Â¶21, 559 NW2d 875, 882 (quoting Sioux Valley Hosp. Ass'n v. State, 519 NW2d 334, 335 (SD 1994)).
[Â¶9] SDCL 10-4-9.2 provides an exemption for benevolent organizations used exclusively for benevolent purposes:


Property owned by a benevolent organization and used exclusively for benevolent purposes is exempt from taxation. A benevolent organization is any lodge, patriotic organization, memorial association, educational association, cemetery association or similar association. A benevolent organization must be nonprofit and recognized as an exempt organization under sections 501(c)(3), 501(c)(7), 501(c)(8), 501(c)(10) or 501(c)(19) of the United States Internal Revenue Code of 1986, as amended, and in effect on January 1, 1992. However, if any such property consists of improved or unimproved property located within a municipality not occupied or directly used in carrying out the primary objective of the benevolent organization owning the same, such property shall be taxed the same as other property of the same class is taxed. However, if any such property consists of agricultural land, such property shall be taxed the same as other property of the same class is taxed. For the purposes of this section, an educational association is a group of accredited elementary, secondary or post-secondary schools. For the purposes of this section, a benevolent organization also includes a congressionally chartered veterans organization which is nonprofit and recognized as an exempt organization under section 501(c)(4) of the United States Internal Revenue Code of 1986, as amended, and in effect on January 1, 1992. (emphasis added).
The second paragraph of SDCL 10-4-9.2 provides:


For purposes of this section, benevolent purpose means an activity that serves the poor, distressed or underprivileged, promotes the physical or mental welfare of youths or disadvantaged individuals, or relieves a government burden.
[Â¶10] Under this statute, the House Corporations must meet two requirements: (1) that they are a benevolent organization, and (2) that their real property is used exclusively for benevolent purposes.
[Â¶11] Although the Greek Chapters engage in some benevolent and charitable activities, the more appropriate question is whether the House Corporations function exclusively for benevolent purposes. Because the House Corporations are the actual owners of the real estate, their status under SDCL 10-4-9.2 is the ultimate issue.
[Â¶12] The House Corporations argue that the purpose of their corporations is to provide lodging for their respective fraternities and sororities and a convenient method of ownership of real property. They assert that all of the benevolent and charitable functions of the chapters should be attributed to the corporations, who associate only for "fraternal purposes." In South Dakota Sigma Chapter House Ass'n v Clay County, 65 SD 559, 567, 276 NW 258, 263 (1937) we recognized the close ties of the householding corporation to the fraternity, but stated that "notwithstanding its intimate relation to and its solicitude for the chapter," the house corporation may not be characterized by the purposes and practices of the chapter. The House Corporations may be a convenient "legal fiction" standing in for the Greek Chapters themselves, but this does not mandate commensurate legal treatment. Furthermore, the House Corporations' contentions do not overcome the clear language of SDCL 10-4-9.2 which applies to property owned by a benevolent organization.
[Â¶13] Because the House Corporations' own the property and the property is not used exclusively for benevolent purposes, they do not meet the requirements of the second paragraph of SDCL 10-4-9.2; therefore, it is not necessary to discuss House Corporations' remaining contentions.
[Â¶14] Affirmed.
[Â¶15] MILLER, Chief Justice, and SABERS, AMUNDSON and GILBERTSON, Justices, concur.
[Â¶16] LIEBERMAN, Circuit Judge, for KONENKAMP, Justice, disqualified.