GILBERTSON, Chief Justice
(dissenting in part and concurring in result in part).[21]
[¶ 48.] I respectfully disagree with the Court’s analysis of issue one. The Court’s *48 result should be derived from, and its opinion should end with, the analysis of this issue. I would dismiss both proceedings for failure of the plaintiff to comply with the mandatory dictates of SDCL 57A-9-609.1.
[¶ 49.] The Court is mistaken in its interpretation of SDCL 57A-9-609.1. Its rationale, in footnote 8, for holding that Fin-Ag complied with the statutory prerequisite for filing a cause of action by sending a letter to counsel for Sale Barns and Berwalds offering to file a criminal complaint, exceeds the bounds of statutory-interpretation authority vested in the courts. See Martinmaas v. Engelmann, 2000 SD 85, ¶ 49, 612 N.W.2d 600, 611 (opining that statutory intent is to be determined from what the Legislature said, rather than what the courts think it said) (citation omitted). Ultimately, the Court’s holding means that the statute can be satisfied by a meaningless act. See City of Sioux Falls v. Ewoldt, 1997 SD 106, ¶ 17, 568 N.W.2d 764, 768 (the courts obligation is to interpret law in a manner avoiding absurd results); Yankton Ethanol, Inc. v. Vironment, Inc., 1999 SD 42, ¶ 15, 592 N.W.2d 596, 599 (citing the well established precept that [t]here is a presumption against a construction which would render a statute ineffective or meaningless[ ]) (quoting In re Real Estate Tax Exemption for Black Hills Legal Services, Inc., 1997 SD 64, ¶ 12, 563 N.W.2d 429, 482; Rapid City Ed. Assn. v. School Dist., 522 N.W.2d 494, 498 (S.D.1994)) (citing Nelson v. Sch. Bd. of Hill City Sch. Dist., 459 N.W.2d 451, 455 (S.D.1990)). See also Scott v. North Dakota Workers Comp. Bureau, 587 N.W.2d 153, 156 (N.D.1998) (it is presumed the legislature acts with a purpose and does not perform useless acts); Bickel v. Jackson, 530 N.W.2d 318, 320 (N.D.1995) (there is a presumption the legislature acts with purpose and does not perform idle acts).
[¶ 50.] Either the Attorney General, a State’s Attorney or law enforcement are authorized to act upon a request to file a criminal complaint. An offer to file a criminal complaint, made to a party or agency without authority to act upon it, has no effect. Counsel for Sale Barns and Berwalds had neither the authority nor obligation to commence a criminal proceeding that would be filed pursuant to SDCL 23A-2-1, as required by SDCL 57A-9-609.1. Thus, Fin-Ag’s letter to counsel offering to file the complaint was ineffectual and failed to satisfy the statutory mandate. To find that this offer to file a complaint satisfied the statutory prerequisite to filing a cause of action is to conclude that SDCL 57A-9-609.1 can be satisfied by any irrelevant act, no matter how unlikely it is to lead to calling the attention of the appropriate law enforcement authorities to the situation.
[¶ 51.] Moreover, and more seriously, the Court’s interpretation of SDCL 57A-9-609.1 places future parties in jeopardy of violating our misprision of felony statute, SDCL 22-11-12. Sale Barns, Berwalds and Fin-Ag were aware of Fin-Ag’s claim to the proceeds from Berwalds’ sale of cattle by the date of the summons and complaint in this action and notice of offer to file a criminal complaint. This creates additional legal problems for the Sales Barns and Fin-Ag under the Court’s rationale.
[¶ 52.] SDCL 22-11-12 provides:
Any person who, having knowledge, which is not privileged, of the commis *49 sion of a felony, conceals the felony, or does not immediately disclose the felony, including the name of the perpetrator, if known, and all of the other relevant known facts, to the proper authorities, is guilty of misprision of a felony. Misprision of a felony is a Class 1 misdemean- or. There is no misprision of misdemeanors or petty offenses.
[¶ 58.] A criminal complaint in this case could allege a Class 6 felony, under SDCL 44-1-12[22] for the sale of mortgaged property. The Court’s interpretation of SDCL 57A-9-609.1 strongly indicates that one in Fin-Ag’s position, together with those in the position of the Sale Barns,[23] should attempt to negotiate an arrangement that might avoid “law enforcement intervention.” See supra note 8. No such safe harbor is found in the terms of SDCL 44-1-12. The text of SDCL 44-1-12 makes it clear the crime is committed upon the unauthorized sale or disposition of the encumbered property. With the crime complete, there is no legal effect upon its status by an after the fact notice. That notice only affects the civil remedies contained in SDCL 57A-9-609.1.
[¶ 54.] Our Legislature has not condoned the practice suggested 'by the Court’s interpretation of SDCL 57A-9-609.1. To the contrary, they have indicated their disfavor by enacting a chapter prohibiting obstruction of justice under which our misprision statute is found. If a felony has been committed then a private person has a legal obligation to report it. “The fundamental mission of a court in interpreting legislative acts is to ascertain and give effect to the intention of the Legislature.” Breck v. Janklow, 2001 SD 28, ¶ 20, 623 N.W.2d 449, 457 (citing S.D. Subseq. Injury Fund v. Federated Mut, 2000 SD 11, 18, 605 N.W.2d 166, 170). Clearly, when the Legislature revised the entire criminal code in 2006, they did not modify SDCL 22-11-12 to exclude the duty to report a felony to law enforcement, which would have been necessary under the Court’ interpretation of SDCL 57A-9-609.1.
[¶ 55.] The Court cites SDCL 22-30A-32,[24] 22-30A-42[25] and 22-30A-19.3[26] ‘ as *50 supportive of its contention that a legislative intent for civil process to take precedent over a criminal process is nothing new. Closer examination of these statutes actually supports a result contrary to the Court’s interpretation of SDCL 57A-9-609.1. This is because all three statutes specifically mandate that the initial notice be sent to the wrong-doer. SDCL 57A-9-609.1does not.
[¶ 56.] SDCL 22-30A-32 passed in 1973 and 22-30A-19.3 passed in 1989, predate the passage of SDCL 57A-9-609.1 in 2000. Since SDCL 22-30A-42 was passed in 2005, after the enactment of SDCL 57A-9-609.1, it is apparent that the Legislature has consistently maintained a policy of specificity when requiring notice be sent to the wrong-doer before a criminal compliant may be signed. “This [C]ourt assumes that statutes mean what they say and that legislators have said what they meant.” Petition of Famous Brands, Inc., 347 N.W.2d 882, 885 (S.D.1984) (citing Crescent Electric Supply Co. v. Nerison, 89 S.D. 203, 210, 232 N.W.2d 76, 80 (1975)).
[¶ 57.] Moreover, the language mandating the act in SDCL 22-30A-32, 22-30A-19.3 and 22-30A-42 is completely different than the requirement of SDCL 57A-9-609.1. Under the three statutes cited by the Court, the person sending the notice is to send a “notice of dishonor” or a “demand for payment” to the one facing potential criminal prosecution. This is a far cry from the dictates of SDCL 57A-9-609.1which mandates the victim offer to file “against the debtor, a [criminal] complaint as defined by section 23A-2-1.”
[¶ 58.] Thus, it is clear the Legislature was fully aware of how to enact such a requirement of notice to a wrong-doer should it have chosen to do so. However, the text of SDCL 57A-9-609.1 does not contain a requirement of notice to a wrong-doer. The only way the statute can have any effect is to offer to file a criminal complaint with a government agency authorized by law to do something with that complaint.
[¶ 59.] The language of SDCL 57A-9-609.1is clear. Before filing a civil claim, a plaintiff is required to offer to file a criminal complaint with the Attorney General, a State’s Attorney or law enforcement. In other words, prior to commencing litigation and all that that entails, the State must first be given an opportunity to de *51 termine whether it has a criminal law enforcement interest in the matter.
[¶ 60.] For the above reasons, I would reverse and remand with instructions to dismiss for failure to comply with SDCL 57A-9-609.1.

. Because, in my view, Fin-Ag failed to comply with SDCL 57A-9-609.1, all sales are governed by that statute and the suits are barred. Therefore, I generally dissent, con *48 curring in result only in: (1) those sales in Pipestone in which Judge Kean held in favor of Pipestone; and, (2) those sales in SD Livestock in which the Court reverses Judge Timm.

. SDCL 44-1-12 provides:
Any mortgagor or grantor of security interest or other lien or personal property who, while the lien of his mortgage, conditional sales agreement, or security agreement remains in force and unsatisfied, willfully destroy, conceals, sells, or in any manner disposes of or materially injures any part of the property covered by such mortgage, conditional sales agreement, or security agreement without the written consent of the holder of such mortgage, conditional sales agreement, or security agreement, or who willfully abandons the property covered by such mortgage, conditional sales agreement, or security agreement without first giving written notice to such secured party of his intention to abandon such property, or who removes any part of the property covered by such mortgage, conditional sales agreement, or security agreement from the county in which such mortgage, conditional sales agreement, or security agreement is filed except temporarily in accordance with the usual and customary use of the same or similar kinds of property while the lien of his mortgage, conditional sales agreement, or security agreement remains in force and unsatisfied without the written consent of the holder of such mortgage, conditional sales agreement, or security agreement is guilty of a Class 6 felony.
(Emphasis added).

. See SDCL 57A-9-609.1, supra note 6, for the list of entities in addition to "livestock • auction agenc[ies]” covered under the statute.

.. SDCL 22-30A-32 provides:
The holder of an insufficient funds check or no account check shall, before presenting the check to the state's attorney for prosecution, serve a notice of dishonor upon the writer of the check, by registered or certified mail, return receipt requested, or by first class mail, supported by an affidavit of *50 mailing sworn and retained by the sender, in the United States mail and addressed to the recipient's most recent address known to the sender. If the notice is mailed, and not returned as undeliverable by the United States Postal Service, notice is conclusively presumed to have been given on the date of mailing. The holder of the dishonored check, whether it be a no account check or insufficient funds check, shall, upon return of the receipt, hold the check for a period of at least thirty days if notice is given by first class mail, and upon the expiration of that period shall present the check with the attached bank return, return receipt or affidavit of mailing, and copy of the dishonor notice to the state’s attorney for prosecution. (Emphasis added).

. SDCL 22-30A-42 provides:
A motor fuel retailer may, within thirty days of the occurrence, demand payment from the motor vehicle owner for the motor fuel received by sending a notice by certified mail, return receipt requested. (Emphasis added).

. SDCL 22-30A-19.3 provides:
Any owner or seller of merchandise who is the victim of retail theft pursuant to SDCL 22-30A-19.1 may make a written demand for the amount for which any person is liable pursuant to SDCL 22-30A-19.1.... The demand for payment shall be mailed by certified mail to the person from whom payment is demanded or served personally on the person from whom payment is demanded. Personal service shall be accomplished in the same manner as the service of a summons. (Emphasis added).