1999 SD 21

**ESTATE OF Brianna Shea GALADA, Deceased.**

No. 20473.

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1999.

Decided Feb. 17, 1999.

Paul I. Hinderaker of Austin, Hinderaker Hopper, Strait & Bratland, Watertown, for appellants, Gerald J. Galada and John C. Louis.

Nancy L. Oviatt of Green, Schulz, Roby, Oviatt, Cummings & Linngren, Watertown, for appellees, Valerie H. Galada and Laverne C. Brownell.

GILBERTSON, Justice

[¶ 1.] Mother brought petition for appointment of Personal Representative over her deceased daughter's estate. Father objected to the appointment of a Personal Representative in South Dakota, claiming South Dakota did not have jurisdiction over daughter's estate. The circuit court, Third Judicial Circuit, Codington County, determined South Dakota has jurisdiction over the estate because the domicile of the deceased at the time of her death was South Dakota. Father appeals. We affirm.

**FACTS AND PROCEDURE**

[¶ 2.] Three year old Brianna Shea Galada (Brianna) died on April 14, 1997, from injuries she presumably received in a motor vehicle accident.[1] The accident occurred on April 12, 1997, on an interstate highway near Little Sioux, Iowa. Brianna died in a hospital in Sioux City, Iowa two days later.

[¶ 3.] At the time of Brianna's death, her mother, Valerie H. Galada (Valerie) had primary physical custody of Brianna and her two siblings. Valerie and Brianna's father, Gerald Galada (Gerald), were separated in August 1996. A Maryland court had granted Valerie sole physical custody of the couple's three children.

[¶ 4.] Valerie is originally from Watertown, South Dakota. While she was going through the divorce, she was making plans to move herself and her children from Baltimore, Maryland to Watertown. In anticipation of her return to South Dakota, Valerie obtained employment in Watertown, leased an apartment

and paid the first month's rent, opened bank accounts, changed her address, made arrangements for her school age children to attend school, contacted a preschool for Brianna and arranged for shipment of her household goods to Watertown. On April 10, 1997, Valerie and the children moved out of the marital home and left Baltimore to drive to Watertown. Brianna died on the way to South Dakota.

[¶ 5.] Gerald filed a petition in Maryland for appointment to act as Personal Representative of the estate of his daughter in April 1997. On May 9, 1997, Valerie petitioned the Codington County Circuit Court for appointment of herself and her father as Co–Personal Representatives of Brianna's estate. A hearing on Valerie's petition was held on May 28, 1997, but the court stayed the action pending the outcome of the Maryland decision. On July 1, 1997, the Orphans' Court for Anne Arundel County, Maryland, ruled Brianna was not domiciled in that county and dismissed Gerald's petition.

[¶ 6.] On October 10, 1997, Valerie and her father re-filed their petition to be appointed as Co–Personal Representatives in South Dakota. A hearing was scheduled for November 17, 1997. On November 3, 1997, Gerald started a separate action in Iowa District Court seeking appointment of himself and another as Administrators of Brianna's estate in Iowa. On that day Gerald and John C. Louis were appointed as Administrators of Brianna's estate. Following the South Dakota hearing on November 17, 1997, the trial court appointed Valerie and her father as Co–Personal Representatives.

[¶ 7.] Gerald claims that only Iowa or Maryland has jurisdiction over Brianna's estate to the exclusion of South Dakota. He appeals raising the following issue:

Whether the trial court erred in determining that South Dakota has jurisdiction over the estate of Brianna Shea Galada.

**STANDARD OF REVIEW**

[¶ 8.] The trial court's holding that it had jurisdiction involves a question of law. We therefore apply a de novo standard of

---

1. The hearing transcript indicates that the actual cause of Brianna's death is unknown.

review. *Kroupa v. Kroupa*, 1998 SD 4, ¶ 10, 574 N.W.2d 208, 210. "Accordingly, the issues are fully reviewable and we afford no deference to the conclusions reached by the trial court." *Id.* (citation omitted).

## ANALYSIS AND DECISION

**[¶ 9.] Whether the trial court erred in determining that South Dakota has jurisdiction over the estate of Brianna Shea Galada.**

[¶ 10.] South Dakota adopted its version of the Uniform Probate Code (UPC) on July 1, 1995. SDCL 29A–8–101. Because of its recent adoption, we have not had opportunity to consider a case regarding jurisdiction and the South Dakota UPC. SDCL 29A–1–301 provides:

Except as otherwise provided in this code, this code applies to and the court has jurisdiction over (1) the estates of decedents and absentees domiciled in this state. . . .

SDCL 29A–3–201, dealing with venue, is in accord:

(a) Venue for the first informal or formal testacy or appointment proceedings after a decedent's death is:

(1) In the county where the decedent was domiciled at the time of death; or

(2) If the decedent was not domiciled in this state, in any county where property of the decedent was located at the time of death.

The appointment petition for Brianna's estate could proceed in Codington County, South Dakota if she were domiciled in that county.[2]

[¶ 11.] We have said that the "domicile of a minor child is that of the parent to whose custody it has been legally awarded." *Application of Habeck*, 75 S.D. 535, 541, 69 N.W.2d 353, 356 (1955); *See also* 25 AmJur2d *Domicil* § 42 (1996) ("If a divorce or separation proceeding determines the custody of the child, the child's domicil is that of the parent having custody."). This is true

regardless of whether the child lives with the legal custodial parent. 25 AmJur2d *Domicil* §. 42. Based on a consent order from the Circuit Court for Anne Arundel County, Maryland, Valerie was granted sole physical custody of Brianna and her siblings. To determine the domicile of Brianna, we must first determine the domicile of her legal custodian, Valerie.

[¶ 12.] No one can have more than one domicile at a time. 25 AmJur2d *Domicil* § 8. We have said "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *People in Interest of G.R.F.*, 1997 SD 112, ¶ 16, 569 N.W.2d 29, 33. "Domicil is the place with which a person has a settled connection for certain legal purposes, either because his home is there or because that place is assigned to him by law." *State ex rel. Van Loh v. Prosser*, 78 S.D. 35, 41, 98 N.W.2d 329, 333 (1959) (citation omitted).

[¶ 13.] Valerie can only have one domicile, which will be either South Dakota or Maryland. Valerie claims that she was domiciled in South Dakota. She had made plans and taken substantial action to implement those plans to permanently move herself and her three children to Watertown. She had vacated the family home in Maryland. She had all of her belongings shipped to Watertown. She had obtained employment, leased an apartment, opened a bank account and made arrangements for the children to attend school and for child care all in South Dakota.

[¶ 14.] We find that Valerie's domicile was South Dakota. Although Valerie was not physically present in South Dakota when Brianna died, Valerie did have substantial connections to South Dakota. Her home was in South Dakota. She also had a job and a bank account. In addition, the evidence represented Valerie's state of mind as intending to remain in Watertown. "Domicile means living in that locality with intent to make it a fixed and permanent home." *G.R.F.*, 1997 SD 112, at ¶ 16, n. 4, 569 N.W.2d at 33, n. 4

2. We note that South Dakota case law spells the word "domicile." However, AmJur2d uses the word "domicil." Except for quotations, we will use the spelling provided in South Dakota case law and statutes.

(citation omitted). Valerie was already established in Codington County even before she arrived and from the facts provided it is clear that she intended to make Watertown her permanent home.

[¶ 15.] Gerald contends that Brianna cannot be considered domiciled in South Dakota and therefore the South Dakota court cannot have jurisdiction over her estate. He claims that Iowa is proper jurisdiction for probating Brianna's estate since Iowa is the only state in which Brianna holds any property interests—a wrongful death action. He also claims that based on decisions of this Court, Brianna was still domiciled in Maryland at the time of her death.

[¶ 16.] Brianna's domicile was that of her custodial parent, South Dakota. The argument that Brianna was domiciled in Maryland is without merit. Gerald filed an action in Maryland to be appointed personal representative of Brianna's estate. Later, Valerie filed a similar petition in South Dakota. The South Dakota court properly stayed its ruling under SDCL 29A–3–202 [3] pending the outcome of the Maryland action. The Maryland court found that Brianna was not domiciled in Anne Arundel County at the time of her death and dismissed the petition for judicial probate for that jurisdictional reason. The circuit court in Codington County, South Dakota was bound by that determination per SDCL 29A–3–202 and could not subsequently have found to the contrary. Although the Maryland court did not take the second step and determine South Dakota was the state of domicile, in reality it either had to be Maryland or South Dakota because no valid claim existed for consideration of any other state given the fact Brianna's domicile was synonymous with that of Valerie, her custodial parent.

[¶ 17.] Gerald focuses a portion of his argument on the correct forum to prosecute the wrongful death action. That is not the issue before this Court. The only issue before us is whether the trial court had the jurisdiction to appoint a personal representative for Brianna's estate. As the trial court had jurisdiction, it did not err in appointment of Co–Personal Representatives.

[¶ 18.] We affirm.

[¶ 19.] MILLER, Chief Justice, and SABERS, AMUNDSON, and KONENKAMP, Justices, concur.

---

**3.** SDCL 29A–3–202 states:

> If conflicting claims as to the domicile of a decedent are made in a formal testacy or appointment proceeding commenced in this state, and in a testacy or appointment proceeding after notice pending at the same time in another state, the court of this state must stay, dismiss, or permit suitable amendment in, the proceeding here unless it is determined that the local proceeding was commenced before the proceeding elsewhere. *The determination of domicile in the proceeding first commenced must be accepted as determinative in the proceeding in this state.*
>
> (Emphasis added).