2002 SD 77

**William O'TOOLE and Elisabeth O'Toole, Plaintiffs and Appellants,**

v.

**BOARD OF TRUSTEES OF THE SOUTH DAKOTA RETIREMENT SYSTEM, Defendant and Appellee.**

**No. 22016.**

Supreme Court of South Dakota.

Argued Jan. 10, 2002.

Decided July 2, 2002.

Sheila S. Woodward of Johnson, Heidepriem, Miner, Marlow and Janklow, Yankton, South Dakota, Attorneys for plaintiffs and appellants.

Mark Barnett, Attorney General, Wade A. Hubbard, Assistant Attorney General, Pierre, South Dakota, Attorneys for defendant and appellee.

LOVRIEN, Circuit Judge.

[¶ 1.] William and Elisabeth O'Toole (O'Tooles) appeal the circuit court's judgment affirming the South Dakota Retirement System Board of Trustee's (Board) determination that O'Tooles were not entitled to an additional refund for the employer contributions made on their behalf. We affirm.

**FACTS**

[¶ 2.] Elisabeth and William O'Toole were employed with state government until November 1 and August 23, 1996 (respectively). After leaving the state's payroll each had five years to apply for a refund of the contributions they made to the South Dakota Retirement System (System). Each applied for a refund on November 18, 1997 and each was issued a refund on November 26, 1997.

[¶ 3.] On December 5, 1997, Board decided to seek legislative approval of a change to the portability of its retirement benefits. This proposed change would allow vested members to withdraw both their own and their employer's contributions to System. To meet what it considered its fiduciary duty, Board immediately began to notify all interested persons and members that they should wait to remove benefits until the possible changes were approved or rejected.

[¶ 4.] During the 1998 Legislative Session, the legislature approved and the governor signed the bills that granted the change in the portability of benefits. The changes went into effect on July 1, 1998. In addition to allowing the change in portability benefits, the legislature also specifically provided that no member or former member of the system, who had withdrawn contributions from the system before July 1, 1998, could receive any additional refund. SDCL 3–12–77.4 [1]

[¶ 5.] Approximately eight months later, on March 9, 1999, O'Tooles contacted System to request a refund of employer contributions. The system administrator refused the request. A hearing was held before the Board of Trustees on April 13, 2000. Board affirmed the administrator's decision and O'Tooles filed an appeal with the circuit court. The circuit court affirmed Board's decision.

[¶ 6.] The argument raised by O'Tooles before the administrator, the Board, and the circuit court was that they were entitled to an additional refund from System based on a claim that Board breached its fiduciary duty to them. O'Tooles argued that when they applied for their refund, Board was considering asking the legislature to approve a statute to allow an employee to withdraw contributions made by both the employee and employer. O'Tooles claim that Board had a fiduciary duty to disclose this to them but failed to do so. O'Tooles claim that had they been informed by Board of this possible statutory change, they would have waited to withdraw their contribution and would have received an additional $14,000, representing the contributions made on their behalf by their state employers.

---

1.  SDCL 3–12–77.4 provides:
    No member or former member of the system who has withdrawn contributions from the system prior to July 1, 1998 may receive any additional refund under the provisions of §§ 3–12–47 to 3–12–143.

[¶ 7.] On appeal, O'Tooles argue that the circuit court erred in applying a "clearly erroneous" standard to Board's findings and that Board breached its fiduciary duty in failing to provide information about a potential change in plan benefits to O'Tooles. Board argues that there is no remedy available for the O'Tooles as there is no provision in state law to make the payment requested by O'Tooles.

[¶ 8.] On close review of the record, we conclude the issue before us is essentially jurisdictional. Under the facts of this case, did the Board have the authority, and thus jurisdiction, to give a refund to O'Tooles based on their claim of breach of fiduciary duty? We conclude that it did not.

## STANDARD OF REVIEW

[¶ 9.] The Court reviews agency findings in the same manner required of the circuit court when reviewing a decision from an administrative agency. *Associated Sch. Bds. v. Hughes County,* 2002 SD 41, ¶ 8, 643 N.W.2d 417. *See* SDCL 1–26–36. This Court reviews findings of fact under the clearly erroneous standard, whereas questions of law are reviewed under the de novo standard. *In re Dorsey &*

*Whitney Trust Co. LLC.,* 2001 SD 35 ¶ 5, 623 N.W.2d 468, 471 (citing *Permann v. Department of Labor,* 411 N.W.2d 113, 115–117 (S.D.1987)). The issue on review is a question of law, upon which we apply a de novo standard of review. *In re Estate of Galada,* 1999 SD 21, ¶ 8, 589 N.W.2d 221, 222, *see also Kroupa v. Kroupa,* 574 N.W.2d 208, 210 (S.D.1998).

## ANALYSIS AND DECISION

[¶ 10.] First, did Board have authority to consider O'Tooles' request for a refund of employer contributions? We conclude that it did.

In administrative law the term jurisdiction has three aspects: (1) personal jurisdiction, referring to the agency's authority over the parties and intervenors involved in the proceedings; (2) subject matter jurisdiction, referring to the agency's power to hear and determine the causes of a general class of cases to which a particular case belongs; and (3) the agency's scope of authority under statute.

2 AmJur 2d *Administrative Law* § 274 (1994) (internal citations omitted). Board has authority, under SDCL 3–12–56 to SDCL 3–12–58,[2] to consider and decide

**2.** SDCL 3–12–56. Applications for membership for new or additional benefits, credited service, or benefit payments which may be granted by the board of trustees shall be made to the administrator on forms approved by the board.

SDCL 3–12–57. Any applications which on their face appear valid and to which the applicant is obviously entitled shall be approved by the administrator. If the administrator has any reason to question an application he shall forward it to the board of trustees who shall afford the applicant an opportunity for hearing upon reasonable notice. Action taken by the board on applications shall be treated as a contested case with right of review authorized by chapter 1–26.

SDCL 3–12–58. The board of trustees may adopt such rules as may be necessary to establish uniform procedures for the administration of the system and to insure uniformity of application of the provisions of this chapter. Such rules may be adopted in the following areas:
(1) Membership and class of membership;
(2) Contributions and the collection thereof;
(3) Criteria and procedures for the determination of applications for, and payment of disability allowances;
(4) Procedure for applications for benefits and the payment of benefits;
(5) Election of trustees; and
(6) Procedure for the conduct of meetings of the board.

requests for refunds. O'Tooles' request was fully within the scope of the administrator's statutory authority to make a determination.

[¶ 11.] Second, did Board have authority to grant O'Tooles' request for a refund based on a claim of breach of fiduciary duty? We conclude that it did not.

[¶ 12.] It is undisputed that at the time O'Tooles requested a refund, the Board stood in a fiduciary relationship with them. SDCL 3–12–47(33). As a fiduciary, Board had a duty to act in the highest good faith and to refrain from obtaining any undue advantage over members. *Ward v. Lange*, 1996 SD 113, ¶ 15, 553 N.W.2d 246, 251 (1996). In dealing with a member, Board had a duty to act primarily for the benefit of the member.

[¶ 13.] When a member's request can be decided by Board in one of several ways, each authorized by statute, Board's decision must be consistent with its fiduciary duty to that member. If one decision would be consistent with Board's fiduciary duties but a second decision would not be, and Board makes the second decision, it is proper for the circuit court, on appeal, to review Board's decision in light of Board's fiduciary duty to the member.

[¶ 14.] However, when a member's request can only be decided by Board in one way under the statute, the question of whether the Board's decision is consistent with its fiduciary duties to that member does not arise as a matter for Board consideration. Neither Board nor the circuit court can consider a claim of breach of fiduciary duty as a basis for granting a refund if granting that refund is prohibited by statute. Thus, even if O'Tooles had convinced Board, or the circuit court, that

Board had breached its fiduciary duty, the remedy sought by the O'Tooles, a refund of the employer contributions, would still be prohibited by statute and beyond the authority of Board to grant.

[¶ 15.] The Retirement System Board of Trustees has the power to make determinations in controversies, but is limited by the parameters given in state law. The general rule is that administrative agencies have only such adjudicatory jurisdiction as is conferred upon them by statute. *Johnson v. Kolman*, 412 N.W.2d 109, 112 (S.D.1987) (citing *Springville Com. Sch. Dist. v. Iowa Dept. of Pub. Inst.*, 252 Iowa 907, 109 N.W.2d 213 (1961); *Montana Bd. of Nat. Res. & Con. v. Montana Power Co.*, 166 Mont. 522, 536 P.2d 758 (1975); 2 AmJur2d *Administrative Law* § 328). Furthermore, "[an administrative agency] may not acquire jurisdiction by estoppel or consent, and, where it acts without jurisdiction, its orders are void." *Montana Bd. of Nat. Res. & Con.*, 536 P.2d at 762 (quoting 73 CJS *Public Administrative Bodies and Procedures* § 116). *See also Pickering v. Illinois Human Rights Com'n*, 146 Ill.App.3d 340, 99 Ill.Dec. 885, 496 N.E.2d 746 (1986); and *Powell v. Khodari–Intergreen Co.*, 303 N.W.2d 171 (Iowa 1981).

> An agency has only such power as expressly or by necessary implication is granted by legislative enactment; agency may not increase its own jurisdiction and, as a creature of statute, has no common-law jurisdiction nor inherent power such as might reside in a court of general jurisdiction.

*Lee v. Div. of Fla. Land Sales & Condominiums*, 474 So.2d 282, 284 (Fla.App. 5 Dist.1985).

The rules shall be adopted pursuant to chapter 1–26 and shall be in accordance with the provisions of this chapter.

[¶ 16.] Under the facts of this case, Board did not have several alternatives from which to decide O'Tooles' request for a refund of employer contributions. It had only one lawful option. It is undisputed that O'Tooles were former members of the system who had withdrawn their contributions from the system before July 1, 1998. Given the provisions of SDCL 3–12–77.4, Board was precluded, by statute, from granting O'Tooles a refund. Thus there was no basis for the Board, or the circuit court, to consider if a possible breach of fiduciary duty by Board mandated one decision, granting a refund, over another decision, not granting a refund. The only decision Board could properly make was to deny the refund, even if a breach of fiduciary duty had occurred. The fact that O'Tooles may or may not have a valid claim of breach of fiduciary duty does not alter this conclusion nor does it confer on Board authority denied by statute.

[¶ 17.] We are also mindful that this Court has long recognized a breach of fiduciary duty as a tort. *Hoffman v. Louis Dreyfus Corp.*, 435 N.W.2d 211, 214 (S.D.1989) (internal citations omitted). Tort claims are properly brought in the circuit court, not before administrative agencies. The statutory authority given to an administrative agency to conduct hearings does not extend to deciding contested tort allegations leveled against the agency. Board had no statutory authority, and thus no jurisdiction, to consider or provide a monetary remedy based on a claim of tort damages.[3] SDCL 3–12–72.1, and –77.4.

"The power to award damages for a tort rests with the courts and is strictly a judicial function." *Pounds v. Denison,* 115 Idaho 381, 766 P.2d 1262, 1266 (App.1988) (citing *Youst v. Longo,* 43 Cal.3d 64, 233 Cal.Rptr. 294, 729 P.2d 728 (1987)).

[¶ 18.] Finally, it is essential not to confuse the distinction between damages awarded by a circuit court and a refund made by Board. The approach urged by O'Tooles, to allow Board and circuit court to consider a claim of breach of fiduciary duty as a reason to give a refund even when Board has no authority to give a refund, would have us blur that distinction. This we are unwilling to do. The breach of a fiduciary duty, while the basis for the award of damages in circuit court, is not the basis for a refund of employer contributions by Board.[4]

[¶ 19.] Board properly heard and denied O'Tooles claim for a refund of employer contribution based on the provisions of SDCL 3–12–77.4. The judgment of the circuit court, upholding Board's ruling on this basis, is affirmed.

[¶ 20.] GILBERTSON, Chief Justice, and KONENKAMP, Justice, concur.

[¶ 21.] SABERS, Justice, and GORS, Acting Justice, dissent.

[¶ 22.] LOVRIEN, Circuit Judge, for AMUNDSON, Justice, disqualified.

[¶ 23.] ZINTER, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

---

3. SDCL 3–12–72.1. No part of the fund created by this chapter may be used for any purpose other than for the exclusive benefit of members and their beneficiaries and payment of reasonable administrative expenses of the system. No participating unit may receive any amounts from the fund except such amounts which may remain after the satisfaction of all liabilities of the system to its members.

4. Since we do not need to decide the issue of whether O'Tooles have a valid claim for breach of fiduciary duty, we express no opinion on that issue.

SABERS, Justice (dissenting).

[¶ 24.] The majority opinion states that "[i]t is undisputed that at the time O'Tooles requested a refund, the Board stood in a fiduciary relationship with them." However, the majority opinion concludes that the O'Tooles do not have a claim for breach of fiduciary duty. The majority opinion states that "[n]either Board nor the circuit court can consider a claim of breach of fiduciary duty as a basis for granting a refund if granting that refund is prohibited by statute."

[¶ 25.] The majority opinion misses the point. The question is not whether Board had the power to grant O'Tooles' request for a refund, but whether, under the fiduciary duty imposed by SDCL 3–12–47(33), it had a duty to provide O'Tooles with notice of the change in the benefit distribution system.

[¶ 26.] SDCL 3–12–47(33) controls and provides as follows:

"**Fiduciary**," any person who exercises any discretionary authority or control over the management of the system or the management or disposition of its assets, renders investment advice for a fee or other compensation, direct or indirect, or has any authority or responsibility to do so, or has any discretionary authority or responsibility in the administration of the system[.]

[¶ 27.] This Court has stated:

A fiduciary relationship is founded on a "peculiar confidence" and trust placed by one individual in the integrity and faithfulness of another. *When such relationship exists, the fiduciary has a "duty to act primarily for the benefit" of the other.* "Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary." South Dakota law reflects "the traditional view that fiduciary duties are not inherent in normal arm's-length business relationships, and arise only when one undertakes to act primarily for another's benefit. The law will imply such duties only where one party to a relationship is unable to fully protect its interests and the unprotected party has placed its trust and confidence in the other." We recognize no "invariable rule" for ascertaining a fiduciary relationship, "but it is manifest in all the decisions that there must be not only confidence of the one in the other, but there must exist a certain inequality, dependence, weakness of age, of mental strength, business intelligence, knowledge of the facts involved, or other conditions, giving to one advantage over the other."

*Ward v. Lange,* 1996 SD 113, ¶ 12, 553 N.W.2d 246, 250 (citing *High Plains Genetics Research, Inc. v. JK Mill–Iron Ranch,* 535 N.W.2d 839, 842 (S.D.1995)) (quoting *Garrett v. BankWest, Inc.,* 459 N.W.2d 833, 839 (S.D.1990)) (additional citations omitted) (emphasis added).

[¶ 28.] "One who stands in a confidential or fiduciary relation to the other party to a transaction *must disclose material facts.*" *Buxcel v. First Fidelity Bank,* 1999 SD 126, ¶ 14, 601 N.W.2d 593, 596–97 (citation omitted) (emphasis added). Fiduciaries also have a duty to the other party of "utmost good faith, integrity and loyalty." *See, e.g., Dinsmore v. Piper Jaffray, Inc.,* 1999 SD 56, ¶ 18, 593 N.W.2d 41, 46 (holding that some parties, because of their superior knowledge and training in the area, owe a fiduciary duty to the other party of "utmost good faith, integrity and loyalty"); *Hurney v. Locke,* 308 N.W.2d 764, 768 (S.D.1981) (same).

[¶ 29.] In this case, Board had a duty, both under SDCL 3–12–47(33) and this Court's caselaw, to disclose material facts regarding potential changes in benefit

portability. Board had a duty to provide O'Tooles with enough information to allow them to make an informed decision.

[¶ 30.] Board began considering the portable retirement option in April 1997. By September 1997, Board was seriously deliberating the feasibility of the option. O'Tooles contacted SDRS in October 1997 and were informed they could receive a refund of only their contributions to the fund. They were not informed of any potential changes. O'Tooles received refund checks in November 1997, only nine days before Board voted to change the refund process.

[¶ 31.] Board admits that it was not SDRS policy to inform members of potential retirement benefit changes until after a Board vote. This Court's caselaw, however, mandates disclosure of material facts. *Buxcel,* 1999 SD 126 at ¶ 14, 601 N.W.2d at 596–97. Under these circumstances, Board had superior knowledge of the facts. Had O'Tooles known of the proposed changes in the system, they would not have withdrawn their contributions from the system at that time. But because Board failed to disclose material facts about the potential change in portability, O'Tooles never had any option. Board failed in its "duty to act primarily for the benefit" of O'Tooles and other SDRS members.

[¶ 32.] Therefore, I would overturn the decision of the Board and trial court.

[¶ 33.] GORS, Acting Justice, joins this dissent.