2003 SD 53

**Mark CHILSON and Lonna Chilson, Plaintiffs and Appellants,**

v.

**KIMBALL SCHOOL DISTRICT NO. 7-2, Gary Heintz and Eileen Kroupa, Defendants and Appellees.**

No. 22533.

Supreme Court of South Dakota.

Considered on Briefs on March 24, 2003.

Decided May 14, 2003.

George F. Johnson of Johnson, Eklund, Nicholson & Peterson, Gregory, South Dakota, Attorneys for plaintiffs and appellants.

Rodney Freeman, Jr. of Churchill, Manolis, Freeman, Kludt, Shelton & Burns, Huron, South Dakota, Attorneys for defendants and appellees.

PER CURIAM.

[¶ 1.] Mark Chilson and Lonna Chilson appeal the circuit court's grant of summary judgment in favor of Kimball School District No. 7–2, Gary Heitz and Eileen Kroupa on the basis that the complaint was barred by the applicable statutes of limitations. We affirm.

FACTS AND PROCEDURE

[¶ 2.] As this is a review of a summary judgment, we view the facts in the light most favorable to the nonmoving party. Mark Chilson was employed by the Kimball School District as a middle school teacher and an elementary school physical education instructor. He had been with the school district for approximately twelve years and taught a variety of subjects, coached various sports, and served as the school's athletic director. On April 10, 2000, he received a notice that his contract would not be renewed as the result of a reduction in force (RIF) decision.[1]

[¶ 3.] Before receiving this notice, Chilson and other teachers had received financial information from the school's business manager, Eileen Kroupa, indicating that a RIF was necessary in light of a projected $239,000 budget shortfall. After receiving the RIF notice, Chilson filed a grievance with the school board contesting the decision not to renew his contract. That grievance alleged that:

> Kimball School System did not follow their current [RIF] policy. An improper application of the Kimball School's [RIF] policy was taken when a non-tenured teacher was not renewed for the 2000–2001 school year. Non-tenured teacher(s) with less seniority were not removed before Mr. Chilson was nonrenewed.

[¶ 4.] On June 13, 2000, Chilson's grievance was denied by the school board. He did not appeal. Shortly thereafter Chilson requested updated financial information from the school. He received that information in July or August of 2000. The information revealed that in actuality the projected budget shortfall did not occur and instead the school district ended up with a surplus of funds for the year.

[¶ 5.] Chilson and his wife filed suit on November 14, 2001, alleging deceit, negligent misrepresentation, and failure to rehire. His wife was apparently named as a party based on a loss of consortium and emotional distress claim for damages. The deceit and negligent misrepresentation claims were voluntarily dismissed by Chilson because he failed to comply with the 180 day notice provision contained in SDCL 3–21–2. The remaining count in the complaint sought damages for the school district's failure to follow the RIF policy.

[¶ 6.] The school district moved for summary judgment on the ground that the RIF decision was barred by the applicable statutes of limitations found in SDCL 3–18–15.2 and SDCL 13–46–1. The circuit court granted summary judgment, ruling Chilson's cause of action was untimely and had to be dismissed. Chilson appeals.

---

1. SDCL 13–43–6.4 requires written notice by April 15 that a teacher's contract will not be renewed due to a reduction in staff. Thus, the school district provided timely notice.

## STANDARD OF REVIEW

[¶ 7.] The standard under which we review summary judgment is well established:

Summary judgment shall be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. All reasonable inferences drawn from the facts must be viewed in favor of the nonmoving party. The burden is on the moving party to clearly show an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. On the other hand, '[t]he party opposing a motion for summary judgment must be diligent in resisting the motion, and mere general allegations and denials which do not set forth specific facts will not prevent issuance of a judgment.'

*Greene v. Morgan, Theeler, Cogley & Petersen,* 1998 SD 16, ¶ 6, 575 N.W.2d 457, 459. "Summary judgment should only be granted on the statute of limitations when application of the law is in question, and not when there are issues of material fact." *Kurylas, Inc. v. Bradsky,* 452 N.W.2d 111, 113 (S.D.1990).

## ANALYSIS

### ISSUE

[¶ 8.] **Did the circuit court err in granting summary judgment?**

[¶ 9.] In his complaint, Chilson asserted the following as support for his cause of action for failure to rehire:

12. That the Defendants have failed to allow [Chilson] his right of rehire under the RIF policy used to terminate him.

13. That under the RIF policy of the defendant District that [Chilson] has been entitled to be re-employed by the District.

Initially, Chilson filed a grievance alleging that a less senior teacher kept her job while he did not. He never filed, or attempted to file, a grievance challenging the financial information underlying the RIF decision after discovering that the projected shortfall was never realized. Instead, in his affidavit he claims that two South Dakota Education Association employees, who advised him of his rights, failed to tell him of the notice requirement for filing a claim in circuit court or with the Department of Labor. In addition, he alleges that they failed to advise him of the possibility of filing an additional grievance based on the allegedly improper RIF numbers.[2] Chilson concedes that this issue has not been addressed by either the school board or the Department of Labor, but was advanced for the first time in the complaint filed with the circuit court.

[¶ 10.] When releasing a teacher under a RIF policy, a school district "must abide by its [policy] terms." *Gettysburg School District 53–1 v. Larson,* 2001 SD 91, ¶ 10, 631 N.W.2d 196, 200. However, the only grievance presented to the school board was denied and Chilson did not appeal from that decision. Here, Chilson takes the position that there should have been no RIF at all because the financial forecasts were inaccurate. Yet, the language of the RIF policy does not mandate a budget deficit as a necessary condition to invoke a reduction of staff. The policy instead provides:

2. These employees are not named defendants in this action.

Whenever in the judgment of the Board of Education because of the financial condition of the district, priority of programs and/or program elimination it is advisable or necessary to reduce the number of teaching or administrative employees in the district, [a RIF may occur.]

Kroupa, the business manager, also asserted in her affidavit that the policy does not require a RIF to be based on a budget deficit. The circuit court recognized that this dispute may have created a genuine issue of material fact had it not been for the statute of limitations. Therefore, we need only address the statute of limitations issue.

[¶ 11.] This Court has implicitly recognized that there are two avenues for appeal from a school board's employment decision in this type of situation. *See Cox v. Sioux Falls School District 49–5,* 514 N.W.2d 868, 872 (S.D.1994). Those avenues as are follows:

If, after following the grievance procedure enacted by the governing body, the grievance remains unresolved, except in cases provided for in § 3–6A–38, it may be appealed to the Department of Labor, if notice of appeal is filed with the department *within thirty days after the final decision by the governing body is mailed or delivered to the employee.*

SDCL 3–18–15.2 (emphasis added).

From a decision made by any school board, or by a special committee created under any provision of the school law relative to a school or school district matter or in respect to any act or proceeding in which such officer, board, or committee purports or assumes to act, an appeal may be taken to the circuit court by any person aggrieved, or by any party to the proceedings, or by any school district interested, *within ninety days after the rendering of such decisio*

n. Provided, however, that all legal actions relative to bond issues must be started within ten days.

SDCL 13–46–1 (emphasis added).

[¶ 12.] As previously mentioned, Chilson concedes that his argument concerning whether the financial figures supported a RIF has never been addressed by the school board and therefore he did not use either avenue for appeal. Instead, he asserts that this claim is independent of the grievance process and as a result is not time barred by either of these provisions. Though Chilson alleges that the information used to justify the RIF was wrongfully withheld, he does not argue that the statute of limitations contained in either statute was tolled. In fact, it appears that Chilson obtained that information before the expiration of the 90 day period to appeal to the department of labor.

[¶ 13.] It is readily apparent from the allegations in his complaint that Chilson is attempting to challenge a RIF decision made by the school board. As such, he was required to comply with the requisite statutes to invoke review of the decision. *See Hall v. Salem,* 88 S.D. 202, 217 N.W.2d 160, 162 (1975) ("Compliance with the 90 day requirement not having been made, the circuit court acquired no jurisdiction and should have granted the motion to dismiss the appeal."). Additionally, the "Employee Grievance Procedure" contained in Chilson's contract provides that a grievance should be first filed with the school principal, then the superintendent of school, and finally with the board of education. In this regard, "after reviewing the written appeal, the board may appoint a fact finder to review the grievance." Because of the posture of this case, the school board has not had such an opportunity. Other courts have recognized that an employee who is discharged "must exhaust all internal administrative

remedies as provided for in his employment contract prior to seeking judicial review." *Nemazee v. Mt. Sinai Medical Center,* 56 Ohio St.3d 109, 564 N.E.2d 477, 483 (1990).

[¶ 14.] This situation is similar to the facts in this Court's recent decision in *Small v. Department of Social Services,* 2003 SD 29, 659 N.W.2d 15. In that case, an aggrieved party failed to appeal an administrative determination but, instead, later went directly to circuit court asserting that jurisdiction was proper because the new cause of action was framed as a declaratory judgment. *Id.* ¶ 8. However, the failure to appeal the original determination deprived the circuit court of jurisdiction. *Id.* ¶ 20. This Court held that proceeding with the attempted action would be contrary to the exhaustion of remedies requirement. *Id.* ¶ 16.

[¶ 15.] The circuit court correctly determined that this challenge to the RIF decision necessarily had to comply with the procedures set forth in either SDCL 3–18–15.2 or SDCL 13–46–1, before proceeding to the circuit court. Though allegations of wrongdoing are apparent in Chilson's affidavit, Chilson did not argue in the circuit court that the provisions to properly file the grievance were tolled. "Since the statute of limitations had run, summary judgment is presumed to be correct and the burden is on [Chilson] to establish that the statute of limitations was tolled." *Witte v. Goldey,* 1999 SD 34, ¶ 9, 590 N.W.2d 266, 269. Instead, Chilson argues that because he is seeking money damages for breach of contract those statutes are inapplicable. Through this route Chilson attempts to avoid both the statutory requirements for challenging the employment decision and the school district's grievance procedures.

[¶ 16.] In framing his argument, Chilson attempts to avoid characterizing this as a tort action because of his failure to provide notice under the 180 day rule set forth in SDCL 3–21–2. In essence, he seeks the benefit of a tort action, which can be brought in circuit court without the exhaustion of administrative remedies, but also seeks to avoid the procedures under the contract for grievances. *See O'Toole v. SD Retirement System,* 2002 SD 77, ¶ 17, 648 N.W.2d 342, 347. This attempted route is improper and the circuit court did not err in granting summary judgment.

[¶ 17.] Affirmed.

[¶ 18.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.